LAW OFFICES OF
# ROBERT L. GELTZER
1556 THIRD AVENUE
NEW YORK, NEW YORK 10128
(212) 410-0100

FACSIMILE (212) 410-0400

January 18, 2016

Honorable Elizabeth S. Stong
United States Bankruptcy Court
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201

Re:  **Estella Brizinova and Edward Soshkin - Case No. 12-42935 (ESS)**
**Robert L. Geltzer v. Estella Brizinova & Edward Soshkin**
**Adv. Pro. No. 15-01073 (ESS)**

**Motion for an Order Imposing Sanctions against Karamvir Dahiya, Esq. and/or Dahiya Law Offices, LLC (cumulatively sometimes referred to as "Dahiya") pursuant to 11 U.S.C. § 105(a) of the United States Bankruptcy Code ("§ 105"), and Holding Dahiya in Contempt (the "Motion")**

Dear Judge Stong:

      I respectfully am constrained to take great exception to your January 15, 2016 decision to allow Mr. Dahiya additional time to respond to my above Motion, and Your Honor's decision greatly disappoints me in my fiduciary capacity as a chapter 7 trustee and as a member of the bar who is required to abide by Court orders, the Bankruptcy Rules, and the Local Rules of this Court.

      While I can appreciate the Court wanting to afford Mr. Dahiya the benefit of the doubt in any attempt that he thinks that he can make to defend the very serious allegations of impropriety and illegality that he wilfully and knowingly committed in his Motion to Dismiss, as detailed in my Motion, the fact of the matter is that his request for additional time to respond to my Motion after the seven days prior to the January 19 return date of my Motion allowed to him by the Rules (which was January 12), is itself a violation of the Rules.

      His further violation of the Rules also was knowing and willful, and disingenuous, at best. In his January 15, 2016 letter to Your Honor (three days after the last date allowed by the Rules to respond to my Motion) requesting the now granted extension of time to respond, he admits that he had returned from his trip "last week," i.e., on or about January 8, 2016. In that letter, he makes it clear that he would "have to attend to some works and thus ran short of time to

prepare an adequate response to this motion." Assuming, but not admitting the truth of his statement, he, nevertheless, easily (and at any time from anywhere) could have sent to me a one sentence request for additional time to respond to my Motion, to which I would have acceded in accord with the Rules of Civility; but he chose not to do so.

Instead, he chose to file a Notice of Adjournment in the case of Jeffrey St. Clair, #12-73024-reg (Dkt 98) on January 5, 2016– three days before he wrote that he had returned, and seven days before he could have interposed his response to my Motion, when he clearly had enough time for a one sentence request for additional time to respond. Additionally, he chose to file a Loss Mitigation Request in the same case (Dkt 100) on January 7, 2016– a day before he wrote that he had returned, and five days before he could have interposed his response to my Motion, and when he clearly had enough time for a one sentence request for additional time to respond. Furthermore, instead of a timely, one sentence request for additional time to respond to my Motion, he chose to file employee income records in the case of Malkit Singh, # 15-45235-cec (Dkt 13) on January 6, 2016– two days before he wrote that he had returned, and six days before he could have interposed his response to my Motion, and when he clearly had enough time for a one sentence request for additional time to respond.

Responding to my Motion to sanction him and hold him in contempt, and recommending referral to the Disciplinary Committee, or even requesting additional time to respond according to the Rules, were just not that important to him.

In light of his choices, how can it be agreed that his now granted request for additional time results in "no prejudice to anyone?" What about the integrity of the system about which animadversions are increasingly cast in the corridors of this Courthouse?

Your Honor's decision to afford him more time after his legal time to respond had expired empowers and emboldens him and condones such conduct - - conduct that is in blatant contravention of the Bankruptcy Rules and the Local Rules; his continuing violative conduct insults the system under which we all are supposed to operate, and it insults all the attorneys who do what they are supposed to do, when and how they are supposed to do it.

Sincerely and respectfully,

Robert L. Geltzer

cc: Robert A. Wolf, Esq.
Clerk of the Court
Karamvir Dahiya, Esq.