UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:

Chapter 7

ESTELLA BRIZINOVA and
EDWARD SOSHKIN,

Case No. 12-42935-ess

Debtors.
------------------------------------------------------------x
ROBERT L. GELTZER, CHAPTER 7
TRUSTEE OF THE ESTATE OF ESTELLA
BRIZINOVA AND EDWARD SOSHKIN,

Adv. Pro. No. 15-01073-ess

Plaintiff,

-against-

ESTELLA BRIZINOVA and
EDWARD SOSHKIN,

Defendants.
------------------------------------------------------------x

**MEMORANDUM DECISION**
**ON AMENDED MOTION TO DISMISS ADVERSARY COMPLAINT**

Appearances

Robert A. Wolf, Esq.
Tarter Krinsky & Drogin LLP
1350 Broadway
11th floor
New York, NY 10018
*Attorneys for Robert L. Geltzer, as Chapter 7 Trustee of the Estate of Estella Brizinova and Edward Soshkin*

Karamvir Dahiya, Esq.
Dahiya Law Offices, LLC
75 Maiden Lane
Suite 506
New York, NY 10038
*Attorneys for Estella Brizinova and Edward Soshkin*

**HONORABLE ELIZABETH S. STONG**
**UNITED STATES BANKRUPTCY JUDGE**

## Introduction

This adversary proceeding was commenced by Robert L. Geltzer, the Chapter 7 Trustee of the Estate of Estella Brizinova and Edward Soshkin, against defendants Estella Brizinova and Edward Soshkin, the Debtors in this case. The Trustee seeks to recover alleged estate property that, he asserts, the Defendants have improperly refused to turn over, in violation of Bankruptcy Code Section 542. The Trustee also seeks declaratory relief, injunctive relief, and compensatory and punitive damages pursuant to Bankruptcy Code Sections 362(a) and 362(k), based on the Defendants' alleged transfer of estate property in violation of the automatic stay. And the Trustee seeks an award of compensatory and punitive damages based on a theory of common law conversion.

The Defendants have moved to dismiss the Complaint for failure to state a claim upon which relief may be granted. The questions posed by this motion are whether the Trustee has adequately pleaded claims for turnover of property of the estate, violations of the automatic stay, and conversion of estate property. The Trustee alleges that pursuant to Section 542, the Defendants are required to turn over post-petition proceeds from ENSI Consulting, Inc. ("ENSI"), an auto supply parts company listed by the Debtors on Schedule B - Personal Property as owned one hundred percent by Ms. Brizinova. The Trustee also alleges that the estate is entitled to recover damages under Bankruptcy Code Sections 362(a) and 362(k) for violations of the automatic stay arising from the Defendants' post-petition transfer of some or all of their interest in ENSI. And the Trustee alleges that the Defendants willfully and knowingly converted estate property, damaging the estate in the amount of $250,000, and seeks an award of punitive damages in an amount to be determined by this Court.

The Defendants seek the dismissal of this action pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable here by Federal Rule of Bankruptcy Procedure 7012(b) on grounds that the Trustee has not adequately pleaded his claims, and pursuant to the common law doctrine of laches. For the reasons set forth below, the Defendants' motion is granted in part and denied in part, and leave to replead is allowed.

## **Jurisdiction**

This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1334(b) and 157(b)(1). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(E). And as a core matter, this Court has constitutional authority to enter a final judgment, because the Trustee's claims stem "from the bankruptcy itself." *Stern v. Marshall*, 564 U.S. 462, 499 (2011). For these reasons, this Court has jurisdiction and the authority to consider and enter judgment on these claims under 28 U.S.C. § 1334(b) and the Standing Order of Reference dated August 28, 1986, as amended by Order dated December 5, 2012, of the United States District Court for the Eastern District of New York.

## **Background**

### Procedural History

The Defendants are husband and wife who filed this joint bankruptcy petition on April 24, 2012. The Trustee was appointed on that date. On Schedule B, the Defendants indicate that as of the petition date, Ms. Brizinova held one hundred percent of the stock of ENSI, a New York corporation. According to Schedule B, the value of Ms. Brizinova's interest in the ENSI shares as of the petition date was zero. On Schedule F - Creditors Holding Unsecured Nonpriority Claims, the Defendants list a debt owed to Bank of America in the amount of

$1,196.68, which arises from a business credit card they co-signed with ENSI; two joint debts owed to Chase Business in the amounts of $2,853.15, and $0.00, as co-signers on a business credit card with ENSI; a joint debt owed to PlasmaGlow in the amount of $657.01, as co-signers on a business credit card with ENSI; and a joint debt owed to Racer's Equipment Warehouse in the amount of $1,636.32, as co-signers on a business credit card with ENSI. Those same creditors are listed on Schedule H - Codebtors, where ENSI is listed as codebtor. On Schedule I - Current Income of Individual Debtor(s), the Defendants indicate that Mr. Soshkin was employed by ENSI as a bookkeeper and customer service representative, and had been so employed for the past ten years. Also on Schedule I, the Defendants indicate that Ms. Brizinova was a packer for ENSI, and had similarly held that position for ten years. On the Statement of Financial Affairs, the Defendants indicate that between 2010 and 2012, they together received income from ENSI's operations in the total amount of $19,620.

The Defendants' Statement of Financial Affairs states that on the petition date, two collection actions were pending against Mr. Soshkin and ENSI. In response to question 18 on the Statement of Financial Affairs, the Defendants state that ENSI was a business "in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, [or] sole proprietor . . . within six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case." Defs' Bankr. Pet. p. 37. On the "Current Monthly Income Details," the Defendants list average monthly income for the period between October 2011 and March 2012 of $599 and $545.67, respectively. Defs' Bankr. Pet. p. 49. The Defendants also filed monthly income statements for ENSI during this

bankruptcy case.

The first meeting of creditors with the Trustee, pursuant to Bankruptcy Code Section 341, was scheduled for May 24, 2012. Additional Section 341 meetings were scheduled in 2012, 2013, and 2014. On August 30, 2012, the Clerk of Court issued a Notice of Discovery of Assets, and that notice set a deadline for creditors to file claims by November 28, 2012. The Defendants received a discharge on July 24, 2012.

On October 4, 2012, the Court entered an order pursuant to Bankruptcy Rule 2004, directing the Defendants to produce certain documents "as owners of NC Consulting, Inc., as well as any other businesses in which they have an ownership interest," for a period of six years before the petition date, and to appear for an examination by the Trustee. Order Auth. Rule 2004 Exam, at 1. On October 25, 2012, the Defendants filed a motion to vacate the Rule 2004 Order and to quash the subpoena, and the Court scheduled a hearing for November 20, 2012. That hearing was adjourned to January 22, 2013, and on that date, the parties agreed to proceed with the Rule 2004 examination.

On March 13, 2014, the Trustee commenced an adversary proceeding against Nick Soshkin and Igor Soshkin, the Defendants' sons, seeking to recover allegedly fraudulent transfers by the Defendants to their sons of certain interests in real and personal property located in Florida. The parties resolved the Trustee's claims by entering into a stipulation of settlement, which was approved by this Court on December 12, 2014. As noted above, this action followed some six months later.

The Allegations of the Complaint

On June 23, 2015, more than three years after the petition date, the Trustee commenced this adversary proceeding. The Trustee alleges that prior to the petition date, Ms. Brizinova held a one hundred percent ownership interest in ENSI which, as the Defendants testified at the Section 341 meeting, was in the business of selling auto parts over the internet. According to the Trustee, subsequent to the petition date, the Defendants continued to operate ENSI on at least two websites, *autoaccessorystore.com* and *mimousa.com*, and generated proceeds from the operation of those websites. The Trustee alleges that those sale proceeds are property of the Defendants' estate, and that despite his demands, the Defendants have not turned them over to the estate.

In his First Claim for Relief, asserted under Bankruptcy Code Section 542, the Trustee alleges that the sale proceeds are estate property that the Defendants have failed to turn over notwithstanding his demand. He seeks an order directing the Defendants to turn over the sale proceeds, in an amount to be proven at trial, which the Trustee estimates to be at least $250,000, plus interest.

In his Second Claim for Relief, asserted under Bankruptcy Code Sections 362(a) and 362(k), the Trustee alleges, upon information and belief, that despite the Defendants' knowledge that the bankruptcy estate had become the owner of their interest in ENSI, they transferred to one or more unnamed third parties some or all of their interest in ENSI, together with some or all of the sale proceeds, after the petition date. The Trustee further alleges that the Defendants took these actions willfully and "with full knowledge" that their actions violated the automatic stay. Compl. ¶ 20. The Trustee seeks a declaratory judgment that the Defendants violated the

automatic stay; an order enforcing the stay and enjoining the Defendants from making further transfers of the estate's interest in ENSI; damages under Bankruptcy Code Section 362(k) in an estimated amount of $250,000, plus interest and punitive damages.

In his Third Claim for Relief, asserted under the common law doctrine of conversion, the Trustee alleges, upon information and belief, that as a result of the Defendants' actions, they "willfully, knowingly, and wrongly" converted property belonging to the Defendants' estate, "namely the estate's 100% interest in ENSI and in the . . . Sale Proceeds, to the exclusion and detriment of the Trustee, and have therefore improperly exercised dominion and control over such property." Compl. ¶ 23. The Trustee seeks damages in an amount to be determined at trial, in an estimated amount of $250,000, plus interest and punitive damages.

The Motion to Dismiss

On July 22, 2015, the Defendants filed an amended motion to dismiss the Complaint, and an amended memorandum of law in support of the motion (the "Defs' Mem."). They make several arguments in support of their request that the Complaint be dismissed.

The Defendants argue that, inasmuch as the Trustee is time-barred from bringing an avoidance action under Bankruptcy Code Sections 544, 545, 547, 548, and 553, the Trustee now inappropriately seeks relief under Bankruptcy Code Section 542 because this Section does not have a "clearly codified statute of limitation." Defs' Mem. at 2.

The Defendants also argue that they launched ENSI in 2001, and that by 2006 it began to falter. They argue that to keep ENSI "afloat," they took out loans and incurred charges on their credit cards. Defs' Mem. at 3. The Defendants state that ENSI ceased operations in March 2012, and that they did not conduct any business through ENSI after they filed for bankruptcy on

April 24, 2012.

In addition, the Defendants argue that they have never owned the websites *autoaccessorystore.com* and *mimousa.com*. Rather, they state that these websites have always been owned by their sons, Nick Soshkin and Igor Soshkin.

Finally, the Defendants question the Trustee's motives, and argue that the Trustee "has not left anyone un-sued in the family." Defs' Mem. at 4. They state that their adult children, who were sued by the Trustee, settled that lawsuit in order to get the Trustee "off their back." *Id.*

Separately, the Defendants argue that the Complaint does not satisfy the pleading standards articulated by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The Defendants argue that the Trustee's use of the statement "upon information and belief, . . . either themselves and/or through ENSI's and/or Defendants' agents, employees, and/or other representatives, continued to operate the business of ENSI" is too speculative to put them on notice as to the nature and extent of the Trustee's claims, and insufficient to meet the fact-based pleading standard of *Twombly*. Defs' Mem. at 6.

Citing *Romani v. Shearson Lehman Hutton*, 929 F.2d 875, 878 (1st Cir. 1991) and likening the standard articulated by the First Circuit to the standard articulated in *Twombly*, the Defendants argue that the Trustee is required to "set forth the source of the information [missing here] and the reasons for the belief [no reasons given]." Defs' Mem. at 7 (alteration in original). The Defendants argue that contrary to the allegations in the Complaint, as of the petition date, ENSI had ceased all of its operations and had no value, and that the Trustee must allege "some particularities and further bolstered by plausibilities" to establish otherwise. *Id.* The Defendants

argue that the Trustee filed the Complaint because "having realized that he has gotten money from the sons, he [realized] he could extract more, [and] he has begun his extortionist journey again." Defs' Mem. at 8.

And even if the Complaint survives under *Twombly*, the Defendants assert that it "meets its doom in *Iqbal*." *Id.* The Defendants argue that the Trustee makes only conclusory allegations and is motivated by the desire to "threaten a family into further submission." Defs' Mem. at 9.

The Defendants also question whether the Trustee has adequately alleged each of the elements of the claims that he seeks to assert here. They argue that the Trustee's use of Bankruptcy Code Section 542 is inappropriate because this Section refers to "turn over" which, the Defendants state, relates only to third parties. Defs' Mem. at 10. The Defendants also assert that they are not in "possession, custody, or control" of the property sought by the Trustee, and these the Trustee does not provide adequate information about the $250,000 that he seeks to recover. *Id.*

Finally, the Defendants advance several arguments relating to the Trustee's performance of his duties, both as a general matter and in connection with this matter. The Defendants argue that the Trustee should be removed from the panel due to his failure:

> to safeguard or to account for estate funds and assets; to perform duties in a timely and consistently satisfactory manner; to comply with the provisions of the Code, the Bankruptcy Rules, and the local rules of court; to cooperate and to comply with orders, instructions and policies of the court, the bankruptcy clerk or the United States Trustee; . . . to display proper temperament in dealing with judges, clerks, attorneys, creditors, debtors, the United States Trustee, and the general public; to adequately monitor the work of professionals or others employed by the trustee to assist in the administration of cases; and . . . to file timely, accurate reports, including interim reports, final reports, and final accounts.

Defs' Mem. at 13. And the Defendants note the Trustee's display of "substandard performance of general duties and case management in comparison to other members of the chapter 7 panel or other standing trustees." *Id.*

The Defendants argue that Bankruptcy Code Section 704(a)(4) places a duty on a trustee to investigate the financial affairs of the debtor in a Chapter 7 case, and state that this requires the trustee to conduct investigations into a debtor's financial affairs "efficaciously." Defs' Mem. at 14. The Defendants argue that here, even if the assets sought by the Trustee did exist, the Trustee was negligent in waiting three years to pursue this claim. While they acknowledge that Bankruptcy Code Section 542 does not have an express time limit, they argue that the Trustee should be barred by laches from pursuing this claim.

In addition, and more generally, the Defendants argue that the Complaint lacks merit and is "immoral." Defs' Mem at 16. They state that the Trustee's conduct is an example of a larger pattern of not closing cases "expeditiously," and that his conduct is motivated by a desire to put pressure on debtors and their families. Defs' Mem. at 18. Here again, the Defendants note that their sons settled with the Trustee because "they realize[ed] that fighting would be more expensive than settlement." Defs' Mem. at 20.

Finally, the Defendants argue that the Trustee cannot state a viable claim for a violation of the automatic stay. They assert that they do not need to respond to the Trustee's stay violation claim because they did not have any nonexempt estate property at the time of the bankruptcy filing, and therefore could not have violated the stay.

<u>The Trustee's Opposition</u>

On September 17, 2015, the Trustee filed a memorandum of law in opposition to the

Motion to Dismiss (the "Pl's Opp. Mem.").

At the outset, the Trustee responds that the Defendants' Motion to Dismiss violates the terms of an agreement between the Trustee and the Defendants' attorney, Karamvir Dahiya, in a different bankruptcy case, *Robert L. Geltzer, as Trustee of the Estate of Man Kit Ng v. Man Kit Ng* (*In re Man Kit Ng*), No. 12-01343 (Bankr. E.D.N.Y.) (the "*Man Kit Ng* Agreement"). Pl's Opp. Mem. at 1. The Trustee argues that this Court should sanction Mr. Dahiya for violating the terms of that agreement.

The Trustee also responds that to survive a motion to dismiss under Rule 12(b)(6) and the Supreme Court's decision in *Twombly*, the Complaint must contain sufficient factual allegations that, if accepted as true, state a claim for relief that is plausible on its face. The Trustee argues that he is required only to satisfy the general pleading requirements of Federal Rule of Civil Procedure 8(a)(2), and that the Complaint meets this test because, among other reasons, the Complaint sets "forth the grounds of [the Trustee's] entitlement to relief with sufficient specificity that clearly show that his right to relief rises above a 'speculative level,' or the mere 'suspicion of a legally cognizable right of action.'" Pl's Opp. Mem. at 4. The Trustee argues that the heightened pleading standard of Federal Rule of Civil Procedure 9(b) does not apply to these claims because that is reserved for pleading special matters involving fraud or mistake, and there are no such allegations in the Complaint. And he states that the arguments advanced by the Defendants in support of their Motion to Dismiss actually confirm that the Complaint states a plausible claim for relief.

The Trustee also responds that the Complaint is predicated upon the estate's entitlement to the proceeds of ENSI's post-petition business operations, which constitute property of the

estate as a result of the Defendants' interest in ENSI as of the petition date. He notes that the Complaint does not assert that the Defendants own the websites *autoaccessory.com* and *mimousa.com*, and that the question of ownership of those websites is "irrelevant" to his claims. Pl's Opp. Mem. at 6. Instead, the Trustee argues that he is "concerned solely with the Debtors' breach of fiduciary duty in allowing third parties to appropriate the sale proceeds derived from ENSI's post-petition business operations." *Id*.

Turning to the causes of action, the Trustee responds that the Complaint states a plausible claim for turnover on its face. He disputes the Defendants' assertion that a Section 542 turnover claim may only be brought against third parties, and denies that he is required to allege when and how he made a demand for turnover of the alleged estate property.

And the Trustee responds that laches is "almost never appropriate for a court to consider on a motion to dismiss due to the factual inquiries in considering laches." Pl's Opp. Mem. at 9. He argues that to the extent that the Court is "inclined" to consider the Defendants' affirmative defense of laches, they lack support for this defense. Pl's Opp. Mem. at 10. The Trustee also notes that the Defendants do not address his claim that the Defendants violated the automatic stay under Section 362(a).

The Defendants' Reply

On October 2, 2015, the Defendants filed a memorandum of law in reply to the Trustee's opposition (the "Defs' Reply").

As a general matter, the Defendants reply that the Supreme Court's decisions in "*Iqbal* and *Twombly* make a complaint inherently suspect, making it incumbent upon the plaintiff to establish both the logical and factual predicate that appeals to this Court's common sense."

Defs' Reply at 7. The Defendants also respond that the Trustee misconstrues the reach of *Twombly* and *Iqbal*. They note that the "general standard now is the heightened standard of yesterday and thus, this contention or rather attempt to put [the] 'general standard' of yesterday as the 'general standard' of today is anachronistic." Defs' Reply at 2.

The Defendants also reply that, in substance, the Complaint does not meet the pleading standards set forth in *Twombly* and *Iqbal*, and lacks "well narrated facts and assertions." Defs' Reply at 2. They note that they have not confused Federal Rules of Civil Procedure 8 and 9. They state that their reference to Rule 9 was illustrative, and that under either standard, the claims fall short because the Trustee does not plead his claims with either the necessary particularity or plausibility.

In addition, the Defendants reply that the Trustee may not recover punitive damages because he lacks standing to seek this relief. They argue that the Bankruptcy Code excludes a trustee from those who may assert a claim under Bankruptcy Code Section 362(k), which presumes, by its use of the term "individual injury" that an individual is injured, not a Chapter 7 trustee as a fiduciary of the bankruptcy estate. Defs' Reply at 4. In substance, the Defendants argue that because the Trustee is not seeking to recover damages for an injury caused to him personally, but rather an injury caused to the bankruptcy estate, he may not seek punitive damages here.

As to the matters and claims alleged, the Defendants reply that the Trustee improperly advances a new theory of breach of fiduciary duty in his opposition papers. They note that the Trustee does not make a claim for breach of fiduciary duty in the Complaint, and in all events, does not plead the necessary elements of this claim. The Defendants also state that ENSI has not

operated since March 2012, shortly before they filed their bankruptcy case, and that there simply is nothing to turn over to the Trustee.

Finally, the Defendants reply that Bankruptcy Code Section 704, setting forth the duties of a Chapter 7 trustee, applies here, and that pursuant to Section 704, if the Trustee had any meritorious claims, then he was negligent in waiting three years to bring them. They urge the Court to consider the question of laches in the context of this Rule 12(b) motion, but also acknowledge that courts often decline to rule on laches at the pleadings stage.

The Hearings

On October 8, 2015, January 19, 2016, and March 16, 2016, the Court held pretrial conferences and heard argument on the Motion to Dismiss at which the Trustee and the Defendants, each by counsel, appeared and were heard.

## Discussion

In determining this Motion to Dismiss, the Court must assess the Trustee's claims according to the framework provided by Federal Rules of Civil Procedure 8(a) and 12(b)(6), made applicable here by Bankruptcy Rules 7008 and 7012. These rules set forth the standards applicable to stating a claim for relief.

Pleading Requirements Under Federal Rule of Civil Procedure 8(a)

Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court stated that under this rule, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

will not do." *Twombly*, 550 U.S. at 555 (citation omitted).

Soon thereafter, in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court set forth a two-step approach for courts to follow when deciding a motion to dismiss. First, a court should "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Pleading Requirements Under Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) permits a party to seek dismissal of a claim at the pleading stage if it does not state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In *Twombly*, the Supreme Court held that for a complaint to survive a motion to dismiss under Rule 12(b)(6), the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The Court explained that "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550

U.S. at 555 (citation omitted).

When considering a motion to dismiss under Rule 12(b)(6), the court should accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *DiFolco v. MSNBC Cable, L.L.C.*, 622 F.3d 104, 110-11 (2d Cir. 2010) (citations omitted); *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1174 (2d Cir. 1993). A court is not required to accept as true those allegations that amount to no more than legal conclusions. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

In deciding a Rule 12(b)(6) motion, a court may look to the facts alleged in the complaint, and also to those "[d]ocuments that are attached to the complaint or incorporated in it by reference." *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007). *See Gillingham v. Geico Direct*, No. 06-CV-2915 (NGG)(MLO), 2008 WL 189671, at *2 (E.D.N.Y. Jan. 18, 2008) (stating that when considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court may look to the complaint, its exhibits, and documents incorporated by reference in the complaint).

<u>Whether the Trustee States a Claim for Turnover Under Bankruptcy Code Section 542(a)</u>

The Trustee's first claim is for turnover of estate property under Section 542(a). That section provides:

> an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

11 U.S.C. § 542(a).

The Trustee must allege three elements to state a claim under Section 542(a). These are:

"'(1) the property is in the possession, custody or control of another entity; (2) the property can be used in accordance with the provisions of section 363; and (3) the property has more than inconsequential value to the debtor's estate.'" *Kramer v. Mahia* (*In re Khan*), No. 10-46901-ESS, 2014 WL 4956676, at *22 (Bankr. E.D.N.Y. Sept. 30, 2014) (quoting *Zazzali v. Minert* (*In re DBSI, Inc*.), 468 B.R. 663, 669 (Bankr. D. Del. 2011)). The Court considers each of these elements in turn.

*Whether the Trustee Adequately Alleges that Estate Property Is in the Possession, Custody or Control of the Defendants*

The first element that the Trustee must allege to state a Section 542(a) claim is that the property at issue is in the possession, custody or control of another entity.

The Defendants argue that the Trustee does not adequately allege the first element of Section 542(a), for two reasons. First, the Defendants argue that the Trustee may not use Section 542(a) to compel the turnover of property from the Defendants because they are also the Debtors in the main bankruptcy case and not, as the Bankruptcy Code requires, "another entity." The Defendants argue that "[p]rocedurally, turn over relates to third parties and not to the debtors." Defs' Mem. at 10. Second, the Defendants argue that the Trustee does not adequately allege that they had "possession, custody or control of the property sought here." *Id.* Rather, the Defendants assert, as to the property of their Chapter 7 estate, that the "Trustee had it all." *Id.*

The Trustee responds that Section 542 may be used against defendants who are also debtors and that the Complaint adequately sets forth each element of this claim, including that the sale proceeds that he seeks to recover are in the Defendants' possession, custody, or control.

Section 542(a) refers to property of the estate that is in another individual's or entity's possession, custody or control. 11 U.S.C. § 542(a). Courts have found that in a Chapter 7 case,

the trustee may seek turnover of estate property from any individual or entity, including a debtor, that has possession, custody, or control of estate property. *See, e.g.*, *Ackerman v. Schultz* (*In re Schultz*), 250 B.R. 22, 28 (Bankr. E.D.N.Y. 2000) (sustaining turnover action brought by Chapter 7 Trustee against debtor and his wife to recover the debtor's receivables). As a consequence, a debtor is an "individual or entity" from whom a Chapter 7 trustee may seek turnover from a debtor when that the debtor has "possession, custody, or control" of property of the estate and has not turned it over to the trustee. 11 U.S.C. § 542(a).

Here, a review of the Complaint shows that the Trustee alleges, among other things, that the "Defendants, either themselves and/or through ENSI's and/or Defendants' agents, employees, and/or other representatives, continued to operate the business of ENSI through the internet . . . as a result of which there were sale proceeds generated therefrom which constituted and still do constitute property of the Debtors' estate." Compl. ¶ 12. The Trustee also alleges that "the bankruptcy estate [is] the rightful owner of the 100% interest in ENSI since the Petition Date, and that the sale proceeds derived from ENSI's post-Petition Date business operations . . . constitute property of the Debtors' estate, [and] none of the Post-Petition Sale Proceeds have ever been turned over to the Trustee by the Defendants." Compl. ¶ 13. That is, the Trustee alleges that the sale proceeds generated from ENSI are property of the Debtors' estate and are in the possession, custody, or control of the Defendants.

For these reasons, and based on the entire record, the Court concludes that Trustee adequately alleges the first element of a claim under Section 542 for turnover, that the Defendants are in possession, custody or control of estate property.

*Whether the Trustee Adequately Alleges that the Property at Issue Is Property that He May Use, Sell, or Lease*

The second element that the Trustee must allege to state a Section 542(a) claim is that the property at issue is property that the Trustee may use, sell, or lease.

The Defendants argue that the Complaint does not provide sufficient information to identify the sale proceeds, and state that the Trustee "does not [alleges facts] about the source of [the] money or information." Defs' Mem. at 11. The Defendants also argue that the two websites identified by the Trustee, *autoaccessory.com* and *mimousa.com*, have never belonged to the Defendants.

The Trustee responds that the Complaint is "predicated upon the estate's entitlement to sale proceeds derived from ENSI's post-petition business operations, which constitute property of the estate as a result of Brizinova's 100% interest in ENSI as of the Debtors' petition date." Pl's Opp. Mem. at 6. The Trustee further argues that he is under "no obligation . . . to plead the 'source' of the information and the reasons for his belief." *Id.*

The second element of Section 542(a) looks to whether the property at issue constitutes property that the Trustee may use, sell, or lease. Such property is defined broadly by Section 541 and includes "all legal or equitable interests of the debtor in property as of the commencement of the case" as well as "*[p]roceeds*, product, offspring, rents, or *profits* of or from property of the estate." 11 U.S.C. § 541(a)(1), (a)(6) (emphasis added). And this element has been adequately pleaded if the Trustee seeks the turnover of property that can be put to use in connection with the administration of the estate, including paying the claims of creditors and the costs of administration of the estate.

Here, a review of the Complaint shows that the Trustee alleges, among other things, that

"the Post-Petition Sale Proceeds constitute property of the debtors' bankruptcy estate as provided for in section 541 of the Bankruptcy Code." Compl. ¶ 15. That is, he alleges that he seeks the turnover of sale proceeds that are property of the estate, and as property of the estate, the Trustee would be able to "use, sell, or lease" those proceeds. The Bankruptcy Code authorizes a trustee to use the kind of funds that the Trustee seeks here to recover in connection with the performance of his duties.

For these reasons, and based on the entire record, the Court concludes that the Trustee adequately alleges the second element of a claim under Section 542 for turnover, that the property at issue constitutes property that the Trustee may use, sell, or lease.

*Whether the Trustee Adequately Alleges that the Property at Issue Is of More than Inconsequential Value to the Estate*

The third element that the Trustee must allege to state a Section 542(a) claim is that the property at issue is of greater than inconsequential value to the Defendants' bankruptcy estate.

The Defendants argue, in substance, that the sale proceeds are of inconsequential value to this bankruptcy estate because first, the Trustee is not entitled to recover them, and second, they simply do not exist.

The Trustee responds that he has adequately alleged this element and each element of this claim because, among other reasons, if the matters alleged in the Complaint are proved, then the estate may recover some $250,000 in post-petition sale proceeds for the benefit of creditors, a sum that is of greater than inconsequential value to the estate.

There is no single test to determine whether property would not be of inconsequential value to a debtor's Chapter 7 estate. One method noted by courts is to compare the amount of claims filed in a debtor's bankruptcy case to the value of the property that the trustee seeks to

recover. *Calvin v. Wells Fargo Bank, N.A.* (*In re Calvin*), 329 B.R. 589, 598 (Bankr. S.D. Tex. 2005) (concluding that where the value of the property sought to be turned over represented seven percent of all claims, that was "not an insignificant portion" and the property was not of inconsequential value to the estate).

Here, a review of the Complaint shows that the Trustee alleges, among other things, that the sale proceeds are "currently estimated to be not less than $250,000." Compl. ¶ 17. And the claims register shows that some $92,000 in unsecured claims have been filed. That is, the sale proceeds that the Trustee seeks to recover would be sufficient to pay all of the filed claims in this case. Under any appropriate measure, the sale proceeds are of greater than inconsequential value to the estate.

For these reasons, and based on the entire record, the Court concludes that the Trustee adequately alleges the third element of a claim under Section 542 for turnover, that the property at issue has more than inconsequential value to the debtor's estate.

*Whether Laches Bars the Trustee's Section 542(a) Claim*

The Defendants argue that even if the Trustee has asserted a colorable claim under Section 542, this claim should be dismissed because the Trustee brought this action some three years after the Defendants commenced their bankruptcy case. The Defendants argue that a "lack of a time proscription does not mean that [Section 542] is amenable to being used on an ad infinitum basis." Defs' Mem. at 15.

The Trustee responds that the Section 542 claim should not be barred by laches, that the Defendants simply cannot establish any of grounds for this defense, and that under these circumstances three years was not an unreasonable period of time to delay in making a claim.

The Trustee also states that "the defense of laches is almost never appropriate for a court to consider on a motion to dismiss . . . [i]ndeed, there are a scarce number of cases that stand for the proposition that a court can even consider laches on a motion to dismiss." Defs' Mem. at 9.

Section 542 is not subject to an explicit statute of limitations. But turnover actions under Section 542 are "subject to equitable defenses, such as laches, equitable estoppel, waiver, and acquiescence." *Krohn v. Burton* (*In re Swift*), 496 B.R. 89, 99 (Bankr. E.D.N.Y. 2013). Accordingly, a plaintiff in a Section 542 action must assert the claim within "a reasonable period of time." *De Berry v. Schmukler* (*In re De Berry*), 59 B.R. 891, 898 (Bankr. E.D.N.Y. 1986). What is reasonable depends on the facts and circumstances of each case, and at least one court has held that a trustee should be barred from bringing a claim under Section 542 after a delay of more than four years. *Id*.

Laches is an affirmative defense and it is the Defendants' burden to show that laches should serve as a bar to the Trustee's turnover claim. At the pleadings stage, this is a high burden indeed. When considering a defense of laches, courts may consider factors including "(1) proof of delay in asserting a claim despite the opportunity to do so (2) lack of knowledge on the part of the defendants that a claim would be asserted, and (3) prejudice to the defendants by the allowance of the claim." *In re Cutillo*, 181 B.R. 13, 15 (Bankr. N.D.N.Y. 1995). To similar effect, courts agree that the "mere passage of time is insufficient to constitute laches." *Id*. (citing *In re Morris*, 155 B.R. 422, 430 (Bankr. W.D. Tex. 1993)).

Here, the record shows that the Defendants commenced their Chapter 7 bankruptcy case on April 24, 2012, and the Trustee filed this Complaint on June 23, 2015, more than three years later. While the Defendants have demonstrated that a considerable period of time passed from

the Debtors' commencement of their bankruptcy case to the filing of this action, they have not established – at this stage in these proceedings – that the Trustee delayed in asserting this claim "despite the opportunity to do so." *In re Cutillo*, 181 B.R. at 15. Nor have the Defendants shown – at this stage in these proceedings – that they did not know that this claim would be asserted, or that they have been prejudiced by the delay. While these matters may be established at some future point in these proceedings, that question may be raised and adjudged at that time.

For these reasons, and based on the entire record, the Court concludes that the Defendants have not established that the Trustee's turnover claim is barred at the pleadings stage by laches.

* * *

In sum, the Court has carefully considered each of the arguments advanced by the Defendants with respect to whether the Trustee adequately alleges the First Claim for Relief, for turnover under Bankruptcy Code Section 542(a), and concludes that the Trustee has adequately alleged each of the elements of this claim, and that at this stage, the claim is not barred by the doctrine of laches.

For these reasons, and based on the entire record, the Defendants' Motion to Dismiss the Trustee's claim for turnover of the sale proceeds is denied.

Whether the Complaint States a Claim for Violation of the Automatic Stay Under Bankruptcy Code Section 362(a)

The Trustee's second claim is for a declaratory judgment, an injunction, and actual and punitive damages arising from the Defendants' alleged violations of the automatic stay pursuant to Section 362(a). That section provides that "a [bankruptcy] petition filed under section 301, 302, or 303 of this title . . . operates as a stay, applicable to all entities . . . of any act to . . .

exercise control over property of the estate." 11 U.S.C. § 362(a)(3). Actions in violation of the automatic stay may trigger serious consequences, including an award of "actual damages, including costs and attorneys' fees, and, in appropriate circumstances . . . punitive damages." 11 U.S.C. § 362(k).

The predicate for a claim for any relief arising from a violation of the automatic stay is that the Trustee has alleged a violation of the automatic stay. In these circumstances, the Trustee must allege three elements to state a claim based upon a violation of the automatic stay. These are first, that the automatic stay was in effect at the time of the alleged violation; second, that the property at issue was property of the estate; and third, that the conduct in question constitutes a violation of the automatic stay.

*Whether the Trustee Adequately Alleges that the Automatic Stay Was In Effect at the Time of the Alleged Violation*

The first element that the Trustee must allege to state a claim based upon a violation of the automatic stay is that the automatic stay was in effect at the time of the alleged violation.

The Defendants argue, in substance, that the Trustee cannot state a plausible claim for violation of the automatic stay because ENSI was not operating or did not exist when they filed their bankruptcy case, so that there simply was nothing for them to transfer in violation of the automatic stay. The Defendants argue that they do "not need to address the issue of stay violation, as they did not have any unexempt estate property at the time of the bankruptcy trustee and thus they could not have violated any stay." Defs' Mem. at 21.

The Trustee responds, in substance, that he has adequately alleged this claim for many of the same reasons that he has adequately asserted his Section 542(a) turnover claim, and notes that the Defendants' arguments do not directly address the adequacy of this claim.

The starting point for any claim for relief arising from a stay violation is the language of the Bankruptcy Code. As noted, Section 362(a) provides that a "petition filed under . . . this title . . . operates as a stay, applicable to all entities, of . . . any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). And Bankruptcy Code Section 541(a) provides that the bankruptcy estate consists of all "legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1).

As one bankruptcy court notes, Section 541 "has been broadly construed . . . [to include] all kinds of property, including tangible or intangible property, causes of action . . . and all other forms of property." *AP Indus., Inc. v. SN Phelps & Co.* (*In re AP Indus., Inc.*), 117 B.R. 789, 799 (Bankr. S.D.N.Y. 1990). And courts have "regularly applied Section 541 of the Code to include property alleged to have been fraudulently or improperly transferred by the debtor before filing." *Id.*

The automatic stay "is effective immediately upon the filing of the petition . . . and any proceedings or actions described in section 362(a)(1) are void and without vitality if they occur after the automatic stay takes effect." *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 527 (2d Cir. 1994) (citing *48th St. Steakhouse, Inc. v. Rockefeller Grp., Inc.* (*In re 48th St. Steakhouse, Inc.*), 835 F.2d 427, 431 (2d Cir. 1987), *cert. denied,* 485 U.S. 1035 (1988)). Actions taken in violation of the automatic stay generally are held to be void *ab initio*. *In re Ebadi*, 448 B.R. 308, 313 (Bankr. E.D.N.Y. 2011) (citing *Rexnord Holdings,* 21 F.3d at 527). *See In re Olejnik*, No. 09-76714-AST, 2010 WL 4366183, at *5 (E.D.N.Y. 2010).

Here, a review of the Complaint shows that the Trustee alleges, among other things, that

after the Defendants filed their bankruptcy case – and therefore after the automatic stay was in effect – they continued to operate ENSI, receive proceeds from those operations, and transfer some or all of those proceeds to others. The Complaint states:

> [T]he Defendants had knowledge that as of the Petition Date, the Trustee, on behalf of the debtor's bankruptcy estate, had become the owner of Brizinova's 100% interest in ENSI and was entitled to a turnover of all Post-Petition Sale Proceeds therefrom, Defendants, upon information and belief, transferred to one or more third parties subsequent to the Petition Date some or all of the interest in ENSI and some or all of the Post-Petition Sale Proceeds.

Compl. ¶ 19. That is, the Trustee alleges that the Defendants took steps to exercise control over and transfer estate property, in the form of the sale proceeds, after they filed their bankruptcy case. The Complaint also states that "said actions were undertaken . . . in violation of the automatic stay under section 362(a)." Compl. ¶ 20.

For these reasons, and based on the entire record, the Court concludes that the Trustee adequately alleges the first element of a claim under Section 362 for a stay violation, that the automatic stay was in effect at the time of the alleged violation.

*Whether the Trustee Adequately Alleges that the Property at Issue Was Property of the Estate*

The second element that the Trustee must allege to state a claim based upon a violation of the automatic stay is that the property at issue was property of the estate.

Here again, the Defendants argue, in substance, that the Trustee cannot state a plausible claim for violation of the automatic stay because ENSI was not operating or did not exist when they filed their bankruptcy case, so that the property at issue – the sale proceeds – cannot be property of the estate. And the Defendants state that "there was no business and no assets." Defs' Reply at 7.

And here again, the Trustee responds, in substance, that he has adequately alleged this

claim for many of the same reasons that he has adequately asserted his Section 542(a) turnover claim, and that the Complaint adequately identifies the sale proceeds as property of the estate.

Here, a review of the Complaint shows that the Trustee alleges, among other things, that after the Defendants filed their bankruptcy case, they continued to operate ENSI, receive proceeds from those operations, and transfer some or all of those proceeds to others. The Complaint states:

> Notwithstanding that the Defendants had knowledge that as of the Petition Date, the Trustee, on behalf of the debtor's bankruptcy estate, had become the owner of Brizinova's 100% interest in ENSI and was entitled to a turnover of all Post-Petition Sale Proceeds therefrom, Defendants, upon information and belief, transferred to one or more third parties subsequent to the Petition Date some or all of the interest in ENSI and some or all of the Post-Petition Sale Proceeds.

Compl. ¶ 19. That is, the Trustee alleges that the property at issue is sale proceeds from the operation of ENSI which, in turn, was owned by the Defendants and became estate property upon the filing of the Defendants' bankruptcy case. And that is adequate to allege that the property at issue here was property of the estate.

For these reasons, and based on the entire record, the Court concludes that the Trustee adequately alleges the second element of a claim under Section 362 for a stay violation, that the property at issue was property of the estate.

*<u>Whether the Trustee Adequately Alleges that the Conduct in Question Violates the Automatic Stay</u>*

The third element that the Trustee must allege to state a claim based upon a violation of the automatic stay is that the conduct in question violates the automatic stay.

The Defendants similarly argue, in substance, that the Trustee cannot state a plausible claim for violation of the automatic stay because ENSI was not operating or did not exist when

they filed their bankruptcy case, and that the operations and transfers that are alleged simply did not occur.

The Trustee similarly responds, in substance, that he has adequately alleged this claim for many of the same reasons that he adequately asserts his Section 542(a) turnover claim, and that the Complaint adequately identifies conduct, including retention and transfers of the sale proceeds, that violate the automatic stay.

Here, a review of the Complaint shows that the Trustee alleges, among other things, that after the Defendants filed their bankruptcy case, they continued to operate ENSI, receive proceeds from those operations, and transfer some or all of those proceeds to others. The Complaint states:

> [T]he Defendants had knowledge that as of the Petition Date, the Trustee, on behalf of the debtor's bankruptcy estate, had become the owner of Brizinova's 100% interest in ENSI and was entitled to a turnover of all Post-Petition Sale Proceeds therefrom, Defendants, upon information and belief, transferred to one or more third parties subsequent to the Petition Date some or all of the interest in ENSI and some or all of the Post-Petition Sale Proceeds.

Compl. ¶ 19. That is, the Trustee alleges that the Defendants have retained or transferred property that is property of the estate, and as such, that they have exercised control over property of the estate, in violation of Section 362(a)(3).

For these reasons, and based on the entire record, the Court concludes that the Trustee adequately alleges the third element of a claim under Section 362 for a stay violation, that the conduct in question violates the automatic stay.

*Whether the Trustee Adequately Alleges that He Is Entitled to the Remedies that He Seeks*

As noted above, the predicate for a claim for any relief arising from a violation of the automatic stay is that the Trustee has alleged a violation of the automatic stay. Here, the Trustee

seeks remedies in the form of a declaratory judgment that the Defendants have violated the automatic stay, an order enforcing the automatic stay and enjoining the Defendants from making any further transfer of the estate's ownership interest in ENSI and the sale proceeds, and actual and punitive damages.

Here, the Defendants argue, among other things, that the Trustee may not pursue a claim for relief, including punitive damages, under Bankruptcy Code Section 362(k) because that relief is available only to a debtor. The Defendants also argue that the "Bankruptcy Code is clear in excluding 'Trustee' as a claimant under 362(k) by using the term individual." Defs' Reply at 4. And finally, the Defendants argue that the "right party with standing asking for punitive damages under section 362(k) must plead facts that . . . clearly reflect 'willful.'" Defs' Reply at 4.

The Trustee responds, in substance, that the Defendants do not adequately address his claim for violation of the automatic stay. The Trustee argues that the Defendants' Motion to Dismiss is "incomplete" and therefore "should be denied" as it does not address the Trustee's claim for violation of the automatic stay among other things. Pl's Opp. Mem. at 11.

Courts in this and other Circuits have held that "a debtor may be liable for violating the automatic stay." *McCord v. Sofer* (*In re Sofer*), 507 B.R. 444, 449 (Bankr. E.D.N.Y. 2014) (citations omitted). And similarly, Chapter 7 trustees, as fiduciaries of the Chapter 7 estate, "have standing to seek sanctions against [the debtor] for violation of the automatic stay . . . if they consider it in the best interests of the estates to do so." *In re Sofer*, 507 B.R. at 452.

Here, a review of the Complaint shows that the Trustee has adequately alleged the elements of a violation of the automatic stay. The Complaint also sets forth allegations sufficient to show, at the pleadings stage, that the Trustee has alleged facts sufficient to show that he may

seek relief for these violations under Section 362(k), in the best interests of the estate, and for a declaration and injunction directing compliance with the automatic stay. Whether the Trustee is able to meet the heavy burden of proving that he is entitled to these remedies – particularly the harsh remedy of punitive damages – is a question for another day.

* * *

In sum, the Court has carefully considered each of the arguments advanced by the Defendants with respect to whether the Trustee adequately alleges the Second Claim for Relief, for a declaratory judgment, an injunction, and actual and punitive damages arising from the Defendants' alleged violations of the automatic stay under Bankruptcy Code Section 362(a), and concludes that the Trustee has adequately alleged each of the elements of this claim.

For these reasons, and based on the entire record, the Defendants' Motion to Dismiss the Trustee's claim for violation of the automatic stay is denied.

<u>Whether the Trustee States a Claim for Conversion</u>

The Trustee's third claim is for conversion of estate property under New York common law. The Trustee seeks to recover the estate's one hundred percent interest in ENSI and the sale proceeds from the Defendants.

The Trustee must allege four elements to state a conversion claim under New York law. These are: "(1) the plaintiff had title to the property in question or had a right to its possession (2) the defendant converted a specifically identified property (3) the defendant exercised unauthorized dominion over the identified property; and (4) the plaintiff was damaged by reason of the alleged conversion." *In re Harvard Knitwear, Inc*., 153 B.R. 617, 624 (Bankr. E.D.N.Y. 1993). *See Meese v. Miller,* 79 A.D.2d 237, 242-43 (N.Y. App. Div. 4th Dep't 1981); *AMF Inc.*

*v. Algo Distribs., Ltd.*, 48 A.D.2d 352, 356-57, (N.Y. App. Div. 2d Dep't 1975). And because the Trustee seeks to recover both the ownership of ENSI and the sale proceeds, each element must be alleged with respect to each property.

*Whether the Trustee Adequately Alleges that the Estate Had Title to the Property In Question or a Right to Its Possession*

The first element that the Trustee must allege to state a conversion claim is that the estate had title to or a right to possess the property at issue.

The Defendants argue that this element cannot be satisfied with respect to ENSI or the sale proceeds because "there was or is no estate property with the defendants" and "the Trustee had it all." Defs' Mem. at 21, 10. That is, the Defendants argue, in substance, that the Trustee cannot adequately allege that the estate has title or a right to possess the property at issue, because they do not have any property of the estate, including any ownership interest in ENSI or any sale proceeds.

The Trustee responds that the Defendants do not adequately address the Trustee's conversion claim and therefore, among other reasons, the Defendants' Motion to Dismiss should be denied. The Trustee responds that the Defendants do not "address the Trustee's claim . . . for conversion of estate property." Pl's Opp. Mem. at 11.

It is beyond doubt that "in a Chapter 7 bankruptcy, a trustee has the general duties of gathering the estate assets, liquidating them, distributing the proceeds to creditors, and closing the estate." *In re Smith*, 426 B.R. 435, 440-41 (E.D.N.Y. 2010) (citing *United States v. Shadduck*, 112 F.3d 523, 531 (1st Cir. 1997)), *aff'd*, 645 F.3d 186 (2d Cir. 2011). As this Court has previously stated, "[t]he Bankruptcy Code provides tools for trustees to marshal the assets of an estate." *Kramer v. Mahia* (*In re Khan*), No. 10-46901-ESS, 2014 WL 4956676, at *22

(Bankr. E.D.N.Y. Sept. 30, 2014). And property of the estate includes "proceeds, product, offspring, rents or profits of or from property of the estate, except such as are earnings from services performed by an individual debtor after the commencement of the case." 11 U.S.C. § 541(a)(6).

Here, with respect to the question of the estate's ownership interest in ENSI, a review of the Complaint shows that the Trustee alleges that "prior to the petition date, the debtor Brizinova held a 100% ownership interest in a New York corporation, ENSI Consulting, Inc." Compl. ¶ 9. The Trustee also alleges that "the debtors listed Brizinova's 100% interest in ENSI on Schedule B to their bankruptcy petition" and that "[a]s of the petition date, Brizinova's 100% interest in ENSI became property of the debtors' bankruptcy estate." Compl. ¶¶ 10, 11. The Complaint also states that the Defendants converted "property belonging to the Debtors' estate, namely the estate's 100% interest in ENSI." Compl. ¶ 6. That is, the Trustee adequately alleges that the bankruptcy estate had title to or the right to possess the Defendants' ownership interest in ENSI.

And with respect to the question of the sale proceeds, a review of the Complaint shows that the Trustee alleges that the Defendants converted "property belonging to the Debtors' estate, namely the estate's 100% interest in ENSI and in the Post-Petition Sale Proceeds." Compl. ¶ 23.

For these reasons, and based on the entire record, the Court concludes that the Trustee adequately alleges the first element of a conversion claim with respect to the estate's ownership interest in ENSI and the sale proceeds, and that the Trustee had title to the property in question or a right to its possession.

*Whether the Trustee Adequately Alleges that the Defendants Converted Specifically Identified Property*

The second element that the Trustee must allege to state a conversion claim under New York State law is that the Defendants converted specifically identified property.

As with the first element of this claim, the Defendants argue, in substance, that this element is not met with respect to ENSI or the sale proceeds because this property either is not in the Defendants' possession or does not exist, so that it cannot amount to specifically identified property sufficient to satisfy this element of a conversion claim.

And similarly, the Trustee responds that the Defendants do not adequately address the Trustee's claim for conversion.

Not every property interest that might satisfy the broad definition of property of the estate under Bankruptcy Code Section 541 is eligible to be the subject of a conversion claim. Courts recognize that "the general rule is that 'a claim for conversion does not lie for the withholding of indefinite, intangible, and incorporeal species of property.'" *Matzan v. Eastman Kodak Co.*, 134 A.D.2d 863, 864 (N.Y. App. Div. 4th Dep't 1987).

At the same time, courts routinely recognize conversion claims with respect to intangible property rights that are "merged in, or identified with, some document or . . . relate to specifically identifiable money." *In re Chateaugay Corp.*, 156 B.R. 391, 400 n.10 (S.D.N.Y. 1993) (citations omitted). For example, a conversion claim may lie with respect to a stock certificate or bond. *Iglesias v. United States*, 848 F.2d 362, 364 (2d Cir. 1988). Similarly, a conversion claim may be stated based upon the tangible property right evidenced by a letter agreement acknowledging the plaintiff's ownership of a portion of a company. *Kubin v. Miller*, 801 F. Supp. 1101, 1118 (S.D.N.Y. 1992). And a claim may be stated for conversion of accounts receivable, based on the defendant's accounting records. *Pioneer Commercial Funding*

*Corp. v. United Airlines, Inc.*, 122 B.R. 871, 884 (S.D.N.Y. 1991).

Claims for the conversion of funds may raise additional issues. Under New York law, "it is well-settled . . . that an action for the conversion of monies is 'insufficient as a matter of law unless it is alleged that the money converted was in specific tangible funds of which the claimant was the owner and entitled to immediate possession.'" *In re Musicland Holding Corp.*, 386 B.R. 428, 440 (S.D.N.Y. 2008) (quoting *Ehrlich v. Howe,* 848 F. Supp. 482, 492 (S.D.N.Y. 1994)), *aff'd*, 318 F. App'x 36 (2d Cir. 2009). As one court explained, "the money must be 'described or identified in the same manner as a specific chattel.'" *Glob. View Ltd. Venture Capital v. Great Cent. Basin Expl., L.L.C.*, 288 F. Supp. 2d 473, 480 (S.D.N.Y. 2003). Dismissal may be appropriate where the funds at issue were not "a specific, identifiable fund and an obligation to return or otherwise treat in a particular manner the specific fund in question." *Mfrs. Hanover Tr. Co. v. Chem. Bank*, 160 A.D.2d 113, 124 (N.Y. App. Div. 1st Dep't 1990). *See, e.g., Alzheimer's Disease Res. Ctr., Inc. v. Alzheimer's Disease & Related Disorders Ass'n, Inc.*, 981 F. Supp. 2d 153, 164 (E.D.N.Y. 2013) (finding that funds intended for the claimant but directed to the defendant were not sufficiently identifiable, could not "be distinguished as [a] specific chattel," and could not be recovered in a conversion action).

Here, with respect to the question of the estate's ownership interest in ENSI, a review of the Complaint shows that the Trustee alleges that the Defendants converted the estate's ownership interest in ENSI by retaining or transferring that interest after the petition date. That ownership interest, listed on the Defendants' Schedule B, became property of their bankruptcy estate "as of the commencement of the case." 11 U.S.C. § 541(a)(1). That is, the Trustee alleges that the Defendants converted specifically-identified property – the estate's ownership interest in

ENSI – in connection with his conversion claim.

But with respect to the question of the sale proceeds, the situation is different. A review of the Complaint shows that the Trustee alleges that the Defendants converted "the estate's 100% interest in ENSI and in the Post-Petition Sale Proceeds . . . in an amount to be determined at trial, currently estimated to be not less than $250,000." Compl. ¶¶ 23, 24. The Trustee does not describe or identify the sale proceeds sufficient for those proceeds to "be distinguished as specific chattel." *Alzheimer's Disease Res. Ctr., Inc.*, 981 F. Supp. 2d at 164. Nor does he identify the accounts where the sale proceeds were deposited, how or when the sale proceeds were transferred to or from ENSI or the Defendants, or set forth other information to identify the funds constituting the sale proceeds as those that were converted by the Defendants. Viewed another way, the Trustee does not allege that the Defendants converted "a specific, identifiable fund" or "an obligation to return or otherwise treat in a particular manner" the funds at issue. *Mfrs. Hanover Tr. Co.*, 160 A.D.2d at 124.

For these reasons, and based on the entire record, the Court concludes that with respect to the estate's ownership interest in ENSI, the Trustee adequately alleges the second element of a claim for conversion, that the Defendants converted specifically identifiable property. But with respect to the sale proceeds, the Trustee does not adequately allege this element of the claim.

*Whether the Trustee Adequately Alleges that the Defendants Exercised Unauthorized Dominion over the Identified Property*

The third element that the Trustee must allege to state a conversion claim is that the Defendants exercised unauthorized dominion over the property at issue.

Here too, the Defendants argue, in substance, that this element is not met with respect to ENSI or the sale proceeds because this property either is not in their possession or does not exist,

so that the Defendants cannot exercise unauthorized dominion over it sufficient to give rise to a conversion claim.

And here too, the Trustee responds that the Defendants do not adequately address the Trustee's claim for conversion. Pl's Opp. Mem. at 11.

Here, with respect to the question of the estate's ownership interest in ENSI, a review of the Complaint shows that the Trustee alleges, among other things, that the "Defendants, either themselves and/or through ENSI's and/or Defendants' agents, employees, and/or other representatives, continued to operate the business of ENSI through the internet . . . as a result of which there were sale proceeds generated therefrom which constituted and still do constitute property of the Debtors' estate." Compl. ¶ 12. That is, the Trustee alleges that since the filing of their bankruptcy case, the Defendants exercised dominion and control over the estate's ownership interest in ENSI.

And with respect to the question of the sale proceeds, a review of the Complaint shows that the Trustee alleges that the "Defendants, either themselves and/or through ENSI's and/or Defendants' agents, employees, and/or other representatives, continued to operate the business of ENSI through the internet . . . as a result of which there were sale proceeds generated therefrom which constituted and still do constitute property of the Debtors' estate." Compl. ¶ 12. The Trustee also alleges that "the sale proceeds derived from ENSI's post-Petition Date business operations . . . constitute property of the Debtors' estate, [and] none of the Post-Petition Sale Proceeds have ever been turned over to the Trustee by the Defendants." Compl. ¶ 13. That is, the Trustee alleges that the Defendants exercised dominion and control over the sale proceeds generated from ENSI.

For these reasons, and based on the entire record, the Court concludes that with respect to the estate's ownership interest in ENSI, and with respect to the sale proceeds, the Trustee adequately alleges the third element of a claim for conversion, that the Defendants exercised unauthorized dominion and control over the property at issue.

*Whether the Trustee Adequately Alleges that the Estate Was Damaged by Reason of the Conversion*

The fourth element that the Trustee must allege to state a conversion claim is that the estate was damaged by the conversion of the property at issue.

As with the other elements of the Trustee's conversion claim, the Defendants argue, in substance, that the Trustee was not damaged and this element is not met with respect to ENSI or the sale proceeds because this property either is not in their possession or does not exist.

And the Trustee responds that the Defendants do not adequately address the Trustee's claim for conversion.

Here, with respect to the question of the estate's ownership interest in ENSI, a review of the Complaint shows that the Trustee alleges that "the debtor Brizinova held a 100% ownership interest in . . . ENSI" and that "ENSI's business was the sale of various auto parts through the internet." Compl. ¶¶ 9, 10. The Trustee also alleges that ENSI generated substantial sale proceeds, "currently estimated to be not less than $250,000.00." Compl. ¶ 24.

And with respect to the question of the sale proceeds, a review of the Complaint shows that the Trustee alleges that the Defendants "continued to operate the business of ENSI through the internet . . . as a result of which there were sale proceeds generated . . . which . . . constitute property of the Debtors' estate." Compl. ¶ 12. And as noted, the Trustee also alleges that those sale proceeds have an estimated value of "not less than $250,000.00." Compl. ¶ 17.

That is, the Trustee alleges that the estate's ownership interest in ENSI and the sale proceeds have considerable value, so that by converting that property, the Defendants have damaged the estate.

For these reasons, and based on the entire record, the Court concludes that the Trustee adequately alleges the fourth element of a conversion claim with respect to the estate's ownership interest in ENSI and the sale proceeds, that the estate has been damaged by the conversion.

* * *

In sum, the Court has carefully considered each of the arguments advanced by the Defendants with respect to whether the Trustee adequately alleges the Third Claim for Relief, for conversion. With respect to the estate's ownership interest in ENSI, the Court concludes that Trustee has adequately alleged each of the elements of this claim. For these reasons, and based on the entire record, the Defendants' Motion to Dismiss the Trustee's claim for conversion with respect to the estate's ownership interest in ENSI is denied.

With respect to the sale proceeds, the Court concludes that the Trustee has adequately alleged that the estate had title or a right to possess the sale proceeds, that the Defendants exercised unauthorized dominion over the sale proceeds, and that the estate was damaged by reason of the alleged conversion. But the Court also concludes that the Trustee has not adequately alleged that the Defendants converted specifically identifiable funds. For these reasons, and based on the entire record, the Defendants' Motion to Dismiss the Trustee's claim for conversion with respect to the sale proceeds is granted.

*The Question of Leave To Replead*

In the Complaint, the Trustee requests "the right to amend and/or supplement either the factual basis and/or the relief requested." Compl. ¶ 25.

Federal Rules of Civil Procedure 15, made applicable here by Bankruptcy Rule 7015, states that permission to amend a complaint should be freely granted "when justice so requires." Fed. R. Civ. P. 15(a)(2). As the Supreme Court observed more than fifty years ago, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

And as this Court has noted, "[w]here a plaintiff has made a single attempt to state a claim, and the prospect of a plausible claim is suggested, but not established, by the allegations, then it may be that a court's discretion should tip in favor of allowing an amendment." *Ridley v. Deutsche Bank Nat'l Tr. Co.* (*In re Ridley*), 453 B.R. 58, 77 (Bankr. E.D.N.Y. 2011). At the same time, this Court has also noted that "where a proposed amended pleading would not survive a motion to dismiss, it is within a trial court's discretion to deny leave to replead." *In re Ridley*, 453 B.R. at 77.

Ultimately, the question of leave to replead is committed to the sound discretion of the court. As one court has stated, "it is well-established in the Second Circuit that leave to amend should be granted freely though the district court may exercise its discretion to deny a motion to amend if there is a good reason for it." *In re Ashanti Goldfields Sec. Litig.*, No. CV 00-0717(DGT), 2004 WL 626810, at *2 (E.D.N.Y. Mar. 30, 2004) (citation omitted).

Here, the Trustee requests leave to replead or amend. The Court notes that this is the Trustee's first attempt to state these claims, and that the Trustee has adequately alleged the first

and second claims set forth in the Complaint, as well as a portion of the third claim, to the extent that it seeks to recover the estate's ownership interest in ENSI. Based on the entire record, the Court is satisfied that as to the Trustee's third claim, for conversion with respect to the sale proceeds, the "the prospect of a plausible claim is suggested," but not established, in the Complaint. *In re Ridley*, 453 B.R. at 77.

For these reasons, and based on the entire record, leave to replead is granted with respect to the Trustee's Third Claim for Relief, for conversion, to the extent that it seeks to recover the sale proceeds from the Defendants.

## **Conclusion**

The Court concludes that with respect to the Trustee's First Claim for Relief, for turnover pursuant to Section 542(a), the Defendants have not met their burden to show that the Trustee has not adequately alleged the necessary elements of a turnover claim under Bankruptcy Code Section 542(a). Therefore, the Motion to Dismiss is denied as to this claim.

The Court concludes that with respect to the Trustee's Second Claim for Relief, for violation of the automatic stay pursuant to Section 362(a), the Defendants have not met their burden to show that the Trustee has not adequately alleged the necessary elements of a claim under Bankruptcy Code Section 362(a). Therefore, the Motion to Dismiss is denied as to this claim.

The Court concludes that with respect to the Trustee's Third Claim for Relief, for conversion of the ownership interest in ENSI and the sale proceeds, the Defendants have not met their burden to show that the Trustee has not adequately alleged the necessary elements of a conversion claim with respect to the ownership interest in ENSI, but have met their burden to

show that the Trustee has not adequately alleged the necessary elements of conversion with respect to the sale proceeds. Therefore, the Motion to Dismiss is denied as to the conversion of the ownership interest in ENSI, and granted as to the conversion of the sale proceeds. Leave to replead is allowed with respect to that claim.

An order in accordance with this Memorandum Decision shall be entered simultaneously herewith.




**Dated: Brooklyn, New York**
**July 20, 2016**

**Elizabeth S. Stong**
**United States Bankruptcy Judge**