UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:

      ESTELLA BRIZINOVA and
      EDWARD SOSHKIN,

                      Debtors.
------------------------------------------------------------X
ROBERT L. GELTZER, as Trustee for the
Estate of ESTELLA BRIZINOVA and
EDWARD SOSHKIN,

                      Plaintiff,
-against-

ESTELLA BRIZINOVA and
EDWARD SOSHKIN,
                      Defendants.
------------------------------------------------------------X-

Chapter 7

Case No. 12-42935 (ESS)

Adv. Pro. No. 15-01073 (ESS)

**AFFIRMATION RESPONSE TO ROBERT E. GELTZER REQUEST**

Karamvir Dahiya responding to the Robert E. Geltzer's request for extension of time to comply with the statutory requirements, respectfully respond as follows:

      Mr. Geltzer's request is infructuous. He is making an improper request to an improper court. A "Notice of Appeal" has been filed in this case. Issue of improper request, I would agitate before the appellate court. And about the Court issue, it is clear this Court lacks jurisdiction on Mr. Geltzer's request.

      "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals [district court here] and divests the district court [bankruptcy court here] of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.,* 459 U.S. 56, 58, 103 S. Ct. 400, 402, 74 L. Ed. 2d 225 (1982). See, also, *Lightfoot v. Cendant Mortg. Corp.,* 137 S. Ct. 553, 560 (2017) ("[A] court's subject-matter jurisdiction defines its power to hear cases."). And since it is a jurisdictional happening, undersigned's consent for extension of time to meet the attendant requirements of a notice of appeal is void. "Because [standing] cannot be conferred by consent of the parties, if the facts place the [bankruptcy court] on notice that the jurisdictional allegation probably is false, the court is

1

duty-bound to demand proof of its truth." *Apex Dig., Inc., v. Sears, Roebuck & Co.,* 572 F.3d 440, 444 (7th Cir. 2009). No doubt, this Court has an obligation to deny this request. Indeed, it does not matter whether a party raises a jurisdictional challenge, since the courts are obligated to "police" the existence of subject matter jurisdiction on their own initiative. *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 583 (1999).

Yes, there are certain aspects pertaining to the appeals that the bankruptcy court might have jurisdiction about, but all relates to acts and activities taking place prior to the filing of the Notice of Appeal. For instance, under Bankruptcy Rule 8002(d), an appellant may be entitled to a 21-day extension of the period for filing a notice of appeal to the district court. Bankruptcy Rule 9033 granting powers to the bankruptcy court to extend time, not more than 21 days, for a party wanting to file objection to this Court's recommendations in noncore proceeding.

The direction to file the "designations of items" and "statement of issues" pursuant to Bankruptcy Rule 8009 came not from this Court, but from the District Court on March 16, 2017, the appellate court, yet Mr. Geltzer seeks from this Court the time extension relief. Yes, it is true that this court monitor the record filing and thus can make sure upon the request of the either party that it is a true reflection of what transpired in the court. That is all. Yes, there was a prior request for the same relief. However, that request too was improper, but was granted. And this Court had made a comment that it might not have the jurisdiction.

Bankruptcy Rule 9006 allows time extension, only "when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court." Rule 9006(b). The only extension provided for is for the filing of Notice of Appeal under Rule 8002.

Wherefore, since the courts are obligated to "police" the existence of subject matter jurisdiction on their own initiative, *Ruhrgas AG v. Marathon Oil Co.,* this Order to Show Cause should be denied in all aspects.

Dated: April 22, 2018  
New York NY

/s/_____  
Karamvir Dahiya